**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ELIZABETH MINOR, individually and as Personal Representative of the Estate of Kathleen Kinney, Deceased, )<br>)<br>)<br>) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-829-M |
| ) | |
| AMERICAN NATIONAL INSURANCE COMPANY, NATIONAL ACCIDENT ACCIDENT INSURANCE GROUP, NATIONAL INSURANCE UNDERWRITERS INC., and BANK OF AMERICA, )<br>)<br>)<br>)<br>) | |
| Defendants. ) | |

**ORDER**

Before the Court is the "Motion to Dismiss by Defendant, Bank of America, N.A." [docket no. 5], filed August 9, 2006. On August 22, 2006, Plaintiff filed her response, and on September 1, 2006, Defendant Bank of America ("BOA") filed its response. Based upon the parties' submissions, the Court makes its determination.

I.   INTRODUCTION[1]

BOA issued two credit cards to Plaintiff. The cardholder agreements provide that travel accidental death and dismemberment insurance covering the cardholder and the cardholder's family members is provided at no charge when the cardholder uses their BOA credit card to purchase tickets for travel.

Plaintiff used one of her BOA credit cards to purchase airline tickets for herself and her family. Upon arriving in Hawaii, Plaintiff used another BOA credit card to purchase snorkeling

---

[1]This introduction is based on facts recited by Plaintiff in her Complaint.

tickets. Defendant American National Insurance Company, a member of Defendant National Accident Insurance Group, issued two policies of insurance to Plaintiff as a benefit of her BOA credit cards.

During the snorkeling excursion, Plaintiff's sister, Kathleen Kinney, drowned. Plaintiff filed claims which were processed by Defendant National Accident Underwriters, Inc. and, subsequently, denied.

On July 6, 2006, Plaintiff commenced this action against Defendants in the District Court in and for Oklahoma County, State of Oklahoma alleging a breach of contract claim premised on the cardholder agreements and bad faith breach of both insurance contracts. On August 7, 2006, this matter was removed to this Court. BOA now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all of Plaintiff's claims against it.

II.     STANDARD FOR DISMISSAL

A motion to dismiss for failure to state a claim should be granted "only [when] it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). The issue in reviewing the sufficiency of the Complaint is not whether Plaintiff will prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in the Complaint and view them in a light most favorable to Plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, the Court need not accept as true Plaintiff's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.    DISCUSSION

### A. Breach of the Cardholder Agreements

BOA asserts that Plaintiff's claims based on breach of the cardholder agreements should be dismissed because Plaintiff has failed to allege that the insurance was not procured or that she was charged for the insurance. Having carefully reviewed the Complaint, the Court finds that Plaintiff has failed to adequately allege that BOA breached the cardholder agreements. The Complaint contains no allegation that BOA failed to procure the insurance or that BOA charged Plaintiff for the policies. In fact, Plaintiff alleges that "two policies of insurance [were issued] to Plaintiff as a benefit of her two Bank of America credit cards." Complaint at 1. Accordingly, the Court finds that Plaintiff's claims against BOA based on breach of the cardholder agreements should be dismissed.

### B. Bad Faith Breach of the Insurance Contracts

BOA asserts that Plaintiff's claims against it based on breach of the insurance contracts issued to her should be dismissed because *inter alia* Plaintiff has not alleged that BOA was obligated to her under the terms of the insurance policy. In her response to the instant motion, Plaintiff asserts that she has not sued BOA for bad faith breach of an insurance contract. Accordingly, the Court finds that because Plaintiff is not alleging a bad faith breach of an insurance contract claim against BOA, BOA's motion to dismiss as to these claims should be denied as moot.

### IV. CONCLUSION

For the reasons set forth in detail above, the Court GRANTS the "Motion to Dismiss by Defendant, Bank of America, N.A." [docket no. 5] and DISMISSES all of Plaintiff's claims against BOA. Additionally, the Court GRANTS Plaintiff leave to amend her Complaint to include adequate allegations that Defendant breached the cardholder agreements and/or the insurance contracts.

Plaintiff shall file any amended complaint within twenty (20) days of the date of this Order.

**IT IS SO ORDERED this 13th day of November, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE