**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ELIZABETH MINOR, individually and as Personal Representative of the Estate of Kathleen Kinney, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>AMERICAN NATIONAL INSURANCE COMPANY, NATIONAL ACCIDENT INSURANCE GROUP, NATIONAL INSURANCE UNDERWRITERS, INC., and BANK OF AMERICA,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-06-829-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is the "Defendant Bank of America, N.A. (USA)'s Motion to Dismiss the Amended Complaint" [docket no. 32], filed December 14, 2006. On December 28, 2006, Plaintiff filed her response, and on January 10, 2007, Defendant Bank of America ("BOA") filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    INTRODUCTION[1]

BOA issued two credit cards to Plaintiff. The cardholder agreements provide that accidental death and dismemberment insurance covering the cardholder and the cardholder's family members is provided at no charge when the cardholder uses their BOA credit card to purchase tickets for travel. The agreements further provide that accidental death benefits will be available when members of a cardholder's family die on an excursion or vacation purchased with a BOA credit card.

Plaintiff used one of her BOA credit cards to purchase airline tickets for herself and her family. Upon arriving in Hawaii, Plaintiff used another BOA credit card to purchase snorkeling

---

[1]This introduction is based on facts recited by Plaintiff in her Amended Complaint.

tickets. Defendant American National Insurance Company ("ANIC"), a member of Defendant National Accident Insurance Group ("NAIG"), should have issued two policies of insurance to Plaintiff as a benefit of her BOA credit cards.

During the snorkeling excursion, Plaintiff's sister, Kathleen Kinney, drowned. Plaintiff filed two claims. One claim was processed by Defendant National Accident Underwriters, Inc. and, subsequently, denied. The other claim was ignored.

On July 6, 2006, Plaintiff commenced this action against Defendants in the District Court in and for Oklahoma County, State of Oklahoma alleging a breach of contract claim premised on the cardholder agreements and bad faith breach of both insurance contracts. On August 7, 2006, this matter was removed to this Court. BOA now moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff's Amended Complaint.[2]

II.   STANDARD FOR DISMISSAL

A motion to dismiss for failure to state a claim should be granted "only [when] it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). The issue in reviewing the sufficiency of the Amended Complaint is not whether Plaintiff will prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in the Amended Complaint and view them in a light most favorable to Plaintiff. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, the Court need not accept as true Plaintiff's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[2]On November 13, 2006, the Court dismissed Plaintiff's original Complaint. On December 4, 2006, Plaintiff filed an Amended Complaint.

III.    DISCUSSION

    A.    Breach of the Cardholder Agreements

In her Amended Complaint, Plaintiff asserts that BOA failed to procure the insurance provided for in the cardholder agreements. BOA contends that Plaintiff cannot in good faith allege that the policies were not issued because, *inter alia*, Defendants NAIU and ANIC admit that the policies were issued. Having carefully reviewed the Amended Complaint, the Court finds that Plaintiff has adequately alleged that BOA breached the cardholder agreements. Specifically, the Court finds that NAIU and ANIC only admit that one policy was issued and that, according to Plaintiff's Amended Complaint, two policies should have been issued. Accordingly, the Court finds that Plaintiff's claims against BOA based on breach of the cardholder agreements should not be dismissed.

    B.    Bad Faith Breach of the Insurance Contracts

Plaintiff alleges that "As an agent for an undisclosed principal, BOA is also liable for breach of the insurance contracts in question." Complaint at ¶ 19. BOA asserts that Plaintiff's claims against it based on its alleged bad faith breach of the insurance contract issued to her are conclusory in nature and, as such, should be dismissed.

In Oklahoma, "an agreement made with a known agent for a disclosed principal is a contract with the principal alone," and an "agent is contractually liable only when acting for an undisclosed principal." *Shebester v. Triple Crown Insurers*, 826 P.2d 603, 609 (Okla. 1992). "'Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.'" *Hardison v.*

*Balboa Ins. Co.*, 4 Fed. Appx. 663, 672 (10th Cir. 2001)[3] (quoting *Agee v. Gant*, 412 P.2d 155, 160 (Okla. 1966)). "An insurance agent is a person expressly or impliedly authorized to represent an insurer in dealing with third persons." *Shebester*, 826 P.2d at 609 n 21.

Having carefully reviewed the parties' submissions, the Court finds that Plaintiff's allegations are conclusory in nature and that Plaintiff has failed to allege a single fact which would indicate that BOA has an agency relationship with either NAIC or ANIC. As such, the Court finds that Plaintiff's bad faith breach of contract claims against BOA should be dismissed.

## IV.   CONCLUSION

For the reasons set forth in detail above, the Court GRANTS IN PART and DENIES IN PART the "Defendant, Bank of America, N.A. (USA)'s Motion to Dismiss the Amended Complaint" [docket no. 32] as follows:

(1) The Court GRANTS the motion to dismiss, and hereby DISMISSES, Plaintiff's claims premised on BOA's bad faith breach of insurance contract; and

(2) The Court DENIES the motion to dismiss as to Plaintiff's claims premised on BOA's alleged breach of the cardholder agreements.

**IT IS SO ORDERED this 7th day of August, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[3]This unpublished opinion is cited for its persuasive value pursuant to Tenth Circuit Rule 36.3.